**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DRISCOLL FOODS, INC.<br><br>                              Plaintiff,<br><br>vs.<br><br>NYTDA, INC.  a/k/a NEW YORK TRUCKING<br>& DELIVERY ASSOCIATION<br><br><br>                    Defendants. | **CASE No.**<br><br><br><br><br>*Civil Action*<br><br>**COMPLAINT** |

Plaintiff, Driscoll Foods, Inc. ("**Driscoll**" or "**Plaintiff**"), by way of Complaint against Defendant NYTDA, Inc. a/k/a New York Trucking & Delivery Association ("**NYTDA**" or "**Defendant**") hereby alleges and states as follows:

**NATURE OF CASE**

1.      Driscoll commences this litigation to recover damages resulting from NYTDA's breach of contract pursuant to which the NYTDA agreed to manage all parking tickets from the City of New York for Plaintiff's trucking fleet.  By way of this Complaint, Driscoll seeks: (1) the recovery of any and all payments retained by Defendant while in breach of their contract; (2) disgorgement of all excess penalties and parking ticket fines paid by Plaintiff to NYTDA as a result of Defendant's failure to timely pay Driscoll's parking tickets; and (3) damages, yet to be ascertained, resulting from NYTDA's failure to make timely payments on all parking tickets for Driscoll's vehicles.

## PARTIES

2.      Driscoll is a New Jersey Corporation maintaining its principal place of business at 6 Westbelt, Wayne, New Jersey 07470.

3.      NYTDA is a New York Corporation and upon information and belief, maintains its principal place of business at 1706 Sheepshead Bay Road, Brooklyn, New York 11235.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), inasmuch as complete diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.

5.      Venue is appropriately laid in the United States District Court for the Southern District of New York, under and pursuant to 28 U.S.C. §1391(b)(1) as the Defendant's principal place of business is located within the Southern District of New York.

## MATERIAL FACTS

6.      Founded in 1971, Driscoll is an independent food service distributor servicing the Northeast region of the United States.

7.      Driscoll maintains a fleet of over 140 trucks delivering food products including fresh produce, meat, and dairy products.

8.      NYTDA is a trade association of operators of commercial vehicle fleets within the City of New York.

### The City of New York's Parking Ticket Programs

9.      In 2004, the City of New York promulgated RCNY § 39-01, which launched a "Stipulated Fine Program."

4857-4959-9567, v. 1

10.     The Stipulated Fine Program was "voluntary" for commercial fleets "that make expeditious pick-ups, deliveries and/or service calls."  RCNY § 39-01.

11.     Pursuant to the Stipulated Fine Program, the Commissioner of Finance was authorized to "enter into agreements with the owners of vehicles with commercial plates . . . for the payment of stipulated fines in accordance with a reduced fine schedule for parking violations."  RCNY § 39-03.1(a).

12.     Enrollment in the program was conditioned on participants waiving the right to challenge all violations notices issued against their vehicles, paying the stipulated fines for the violations, and agreeing that the program was subject to termination at the Commissioner's discretion.  RCNY § 39-03.1(a) and (d).

13.     To enroll in the program, participants were required to sign an Enrollment Agreement stipulating:  they agreed to pay the stipulated fines as set by the City's Department of Finance ("DoF"); the DoF could change the fines schedule without notice; they waived all claims and defenses including any right to a hearing and accepting the DoF's determinations as final.

14.     Participants were also required to provide their vehicles' license number, plate type, and other relevant information for the DoF's database.

15.     If a vehicle whose information was listed in the database was issued a parking ticket, the fine was reduced to the stipulated amount; a process the City called "collateralization."

16.     Additionally, the DoF issued electronic notices to participants called "Fleet Reports" noting the tickets that were matched and reduced using the database.

17.     A second ticket program was released in 2014, the Commercial Abatement Program.  The Commercial Abatement Program sought to cover commercial vehicles that were not eligible for the Stipulated Fines Program.

4857-4959-9567, v. 1

18.    As part of the Commercial Abatement Program, the Department of Finance adopted a penalty schedule for late ticket payments which was adopted into the Stipulated Fines program in 2019.

19.    Pursuant to the penalty schedule, a ten-dollar penalty would be issued after forty-five days of non-payment, twenty dollars for forty-five days thereafter, thirty dollars forty-days thereafter.  If a ticket was still unpaid for seven days thereafter, a judgment would be entered against the owner for the unreduced ticket amount in addition to the penalties.

### NYTDA's Role In the Programs

20.    NYTDA is a registered "broker" with the City's Department of Finance and authorized to act as its members' representative and/or agent in processing and auditing parking tickets issued by the City on their vehicles.

21.    NYTDA is authorized to execute the Enrollment Agreements for its members, receive the Fleet Reports on their behalf, issue payments for ticket violations, and bill their members for same.

22.    In return for their services, NYTDA receives membership dues or a share in the savings from its members' participation in the City's parking ticket programs.

### NYTDA's Suit Against the City of New York

23.    According to a lawsuit filed by NYTDA against the City of New York in November 2019, NYTDA's members accrued substantial fines and penalties due to changes in the administration of the ticket programs.  *See NYTDA, Inc. v. City of N.Y.*, No. 19-CV-6445(EK)(VMS), 2022 U.S. Dist. LEXIS 48715 (E.D.N.Y. Mar. 18, 2022) (Exhibit "A").

24.    The suit detailed how in July of 2013, the DoF sent NYTDA a letter advising of certain changes to the Commercial Vehicle Programs.  *Id.* at *9.

-4-

4857-4959-9567, v. 1

25.    The letter stated that in order to continue enrollment in the Stipulated Fine Program, enrollees had to bring their accounts up to date and execute a revised enrollment agreement.  *Id.* at *9.

26.    Additionally, the letter underscored that if a ticket went unpaid after *forty-five days*, the fine amount would revert to the unreduced amount (in addition to the penalties).  *Id.* at *9-10.

27.    Moreover, there would "be no opportunity to contest the tickets after the reduction is removed as [participants] have waived [their] rights to a hearing by participating in this program."  *Id.* at *10.

28.    NYTDA challenged the change, arguing the City's forty-five-day period for reverting the tickets' fine was invalid after program participants were charged the full unreduced fine amounts when they failed to timely pay their tickets.

29.    In addition to challenging the changes to the program, the NYTDA challenged the DoF's "unilateral" decision to end its batch payment system and instead require payment for each individual ticket through its website.  *Id.* at *11-12.

30.    As a result of the systems change, the NYTDA admitted it made errors, missed payments, and sometimes issued duplicate payments.  *See NYTDA's Amended Verified Compl. for Damages, Declaratory, and Injunctive Relief*, ¶¶ 70-78 No. 19-CV-06445(EK)(VMS) (filed Mar. 18, 2021) ("Exhibit B").

31.    According to NYTDA's Amended Verified Complaint, the issue "was greatly exacerbated" by their own systems upgrade which "failed to reconcile thousands of similar ACH payments."  *Id.* at ¶ 78.

32.     These failures caused many of NYTDA's members' ticket violations to revert to the unreduced fine amounts and incur significant penalties.  *Id.* at ¶ 80.

33.     In an opinion issued on March 18, 2022, Judge Eric Komitee of the Eastern District of New York ruled in favor of the City of New York and dismissed the NYTDA's Complaint.  *See NYTDA, Inc. v. City of N.Y.*, No. 19-CV-6445(EK)(VMS) at *37.

34.     Judge Komitee found the change in the penalty schedule was within the DoF's broad discretion, the Enrollment Agreement stipulated the participants' agreement to the DoF's fines, and the DoF provided notice of the forty-five-day reversion via the 2013 letter.  *Id.* at *27-29.

35.     In addition, the court found NYTDA failed to state a plausible due process claim regarding the DoF's change in computer systems because there was no evidence to allege the DoF "modified its system with the intent to cause NYTDA to miss payment obligations."  *Id.* at *30.

### Driscoll Suffers Significant Economic Damages

36.     Driscoll is a member of the NYTDA and enrolled in NYTDA's parking ticket managing program.

37.     NYTDA's Amended Verified Complaint in *NYTDA, Inc. v. City of N.Y.*, No. 19-CV-6445(EK)(VMS) at ¶¶ 32-36 admits its duties to its members include "completing and signing the program application and Enrollment Agreement, processing of parking tickets issued to NYTDA members and advocacy on behalf of its members (and other enrollees in the Stipulated Fine Program);" "operat[ing] proprietary Association and Fleet Management Software designed to manage various fleet operations for its members, including the auditing, management, and processing of parking violation fleet reports;" receives fleet reports for its

-6-

members from the City's Department of Finance and "issues periodic bills to members and remits payment for members' parking tickets directly to" the Department of Finance.

38.     The agreement between Driscoll and NYTDA does not require Driscoll to take any action outside of providing NYTDA with initial sign-up information regarding its vehicles, receiving periodic reports regarding its parking tickets, and issuing payments to the NYTDA for the parking tickets.

39.     Despite NYTDA's self-proclaimed "deep[] familiar[ity]" with "all aspects of auditing and processing parking tickets and fleet payments for its members," *id.* at ¶ 36, it is woefully clear NYTDA did not demonstrate such understanding when it failed to ensure all of Driscoll's parking tickets were paid on time.

40.     By NYTDA's own admission, its computer systems "failed to reconcile thousands of similar ACH payments without alerting [NYTDA] to the issue." *Id.* at ¶ 78.  As a result, NYTDA was unable to track, process, and make payments on Driscoll's parking tickets.

41.     NYTDA's failure to make timely payments, beyond the forty-five-day period, caused Driscoll's parking tickets to revert to the unreduced amount and further subjected Driscoll to steep penalties.

42.     Despite being put on notice by the City's DoF of the forty-five-day period for penalties, NYTDA's system failed to remit timely payment as required by its agreement with Driscoll Foods.

43.     NYTDA's negligent processing of Driscoll's parking tickets caused Driscoll to lose the benefit of unreduced ticket fines and incur substantial penalties.

44.     As a direct result of NYTDA's actions, Driscoll has suffered significant financial harm.

-7-

## COUNT ONE
**(Breach of Contract)**

45.     Driscoll repeats and hereby alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

46.     Driscoll and NYTDA entered into a valid and enforceable Agreement.

47.     The Agreement, which Driscoll signed to enter into NYTDA's parking ticket management program, is supported by consideration.

48.     Among other provisions, under the Agreement, NYTDA agreed to:  (1) enroll Driscoll in the City's reduced fines program; (2) manage Driscoll's enrollment in the program; (3) process parking tickets for Driscoll's vehicles fleet; and (4) remit payment for the reduced parking fines to the City's DoF.

49.     As detailed herein, NYTDA has breached these provisions of the agreement by failing to accurately maintain its system to process Driscoll's parking tickets.

50.     Furthermore, NYTDA failed to remit payment of Driscoll's parking fines before the Department of Finance's stipulated forty-five-day period, thereby causing Driscoll's fines to revert to the unreduced amounts and incur penalties.

51.     As a direct result of NYTDA's breaches of their contractual obligations to Driscoll in the Agreement, Driscoll has been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiff, Driscoll Foods, Inc. hereby demands judgment against Defendant NYTDA a/k/a New York Trucking & Delivery Association, awarding Plaintiff disgorgement of all parking ticket penalties paid by Plaintiff to Defendants; compensatory, incidental, consequential and punitive damages, together with reasonable attorneys' fees, litigation costs, investigation costs, costs of suit, interest, and any such additional relief as this Court may deem necessary, appropriate and just.

## COUNT TWO
### (Negligent Misrepresentation)

52.     Driscoll repeats and hereby alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

53.     At all relevant times, Driscoll relied on NYTDA to maintain accurate and efficient accounts of its tickets.  Driscoll relied on NYTDA's expertise to manage the multitude of parking tickets issued by the City to its trucks.

54.     NYTDA made incorrect statements to Driscoll regarding the status of their parking tickets.

55.     NYTDA represented it timely paid all of Driscoll's fines.

56.     However, by NYTDA's own admissions it committed errors, missed payments, and sometimes issued duplicative payments resulting in overpayment.

57.     As a result of Driscoll's reliance on NYTDA's negligent misrepresentations, Driscoll suffered losses in excess of $75,000.

**WHEREFORE,** Plaintiff, Driscoll Foods, Inc. hereby demands judgment against Defendant NYTDA a/k/a New York Trucking & Delivery Association, awarding Plaintiff compensatory, incidental, consequential and punitive damages, together with reasonable attorneys' fees, litigation costs, investigation costs, costs of suit, interest, and any such additional relief as this Court may deem necessary, appropriate and just.

## COUNT THREE
### (Negligence)

58.     Driscoll repeats and hereby alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

59.     NYTDA had a duty to manage, track, and process parking tickets issued to

-9-

Driscoll's trucks by the City; this duty included making prompt payments for Driscoll's parking tickets to ensure it did not incur excess fees or penalties.

60.     NYTDA breached its duty by failing to maintain accurate systems to track Driscoll's parking tickets and failing to make timely payments on behalf of Driscoll.

61.     NYTDA's negligent conduct has caused direct damages to Driscoll.

**WHEREFORE,** Plaintiff, Driscoll Foods, Inc. hereby demands judgment against Defendant NYTDA a/k/a New York Trucking & Delivery Association, awarding Plaintiff compensatory, incidental, consequential and punitive damages, together with reasonable attorneys' fees, litigation costs, investigation costs, costs of suit, interest, and any such additional relief as this Court may deem necessary, appropriate and just.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

 _/s/ Scott I. Unger, Esq._
Scott I. Unger, Esq.
Stark & Stark Attorneys at Law
993 Lenox Drive
Lawrenceville, NJ 08648
T: 609.896.9060
SUnger@stark-stark.com

Dated:  February 7, 2023